FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.
★ SEP 09 2009
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHARLES SEALEY,

                      Petitioner,

    -against-

ROBERT ERCOLE, Superintendent, Green Haven
Correctional Facility,

                      Respondent.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-778-ENV

VITALIANO, D.J.

    *Pro se* petitioner Charles Sealey seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He now moves, however, to stay the petition.

**I.    BACKGROUND**

    On March 31, 2004, a Queens County jury convicted Sealey of murder in the second degree and various lesser charges. Sealey appealed, and on July 31, 2007, the New York Appellate Division, Second Department, issued a decision affirming the conviction. Sealey sought leave to appeal to the Court of Appeals, but on October 1, 2007, that application was denied.

    Sealey then began to pursue in New York state court two avenues of collateral relief. First, on December 22, 2008, Sealey filed a writ of error coram nobis in the Appellate Division, alleging that his appellate counsel was ineffective. On April 7, 2009, the appeals court denied that motion. Second, on March 26, 2009, Sealey filed a motion in Supreme Court, Queens County, seeking to vacate his judgment of conviction pursuant to C.P.L. § 440.10. This motion is still pending.

    Meanwhile, on February 23, 2009, Sealey timely filed with this Court a petition for a writ of habeas corpus. In response to the Court's order requiring him to show cause why the writ should not be granted, respondent requested that Sealey submit a more definite statement of his claims. On

June 16, 2009, the Court ordered petitioner to complete and file a standard form petition for a writ of habeas corpus specifying all the grounds for relief from his conviction or sentence that he believes are available to him, and stating the facts that support each of these grounds. Sealey complied and timely filed a standard form petition on July 30, 2009. This petition asserts numerous grounds for relief, including those raised in his still pending § 440.10 motion.

II. **DISCUSSION**

Presently before the Court is Sealey's request, made in correspondence dated August 17, 2009, that his habeas petition be stayed while the state court adjudicates fully his pending § 440.10 motion. Until that action is concluded, the federal claims it raises are unexhausted for habeas purposes and cannot form a basis for relief, here. See, e.g., Jackson v. Edwards, 404 F.3d 612, 618 (2d Cir. 2005).

A federal district court may stay a mixed petition for a writ of habeas corpus -- that is, a petition that contains both exhausted and unexhausted claims -- if (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Good cause exists here because Sealey timely filed his habeas petition and has diligently sought to exhaust his claims in state court. See Haynes v. Ercole, No. 08-CV-3643, 2009 WL 580435, at *1 (E.D.N.Y. Mar. 6, 2009); Pierre v. Ercole, 607 F. Supp. 2d 605, 608 (S.D.N.Y. 2009); Lowmack v. Napoli, No. 07-CV-200, 2008 WL 545010, at *3 (W.D.N.Y. Feb. 26, 2008). Indeed, as noted, the unexhausted claims here wait only for the resolution of the already filed, currently pending, § 440.10 motion. As to the second Rhines factor, at this stage, the Court cannot conclude that Sealey's unexhausted claims are so plainly without merit that a stay should be foreclosed. Finally, there is no evidence to indicate that petitioner has engaged in intentionally dilatory litigation tactics. Accordingly, Sealey's request for a stay is

granted.

## III. CONCLUSION

These proceedings are stayed pending resolution of Sealey's unexhausted claims -- specifically, until his § 440.10 motion is adjudicated fully in state court.

The Clerk of the Court is directed to administratively close this case without prejudice to its reopening. Once the pending § 440.10 motion is final, petitioner must move, within 30 days, to lift the stay and reopen this case. See Zarvela v. Artuz, 254 F.3d 374, 380-81 (2d Cir. 2001). Upon reopening, the Court will direct respondent to show cause why a writ of habeas corpus should not issue.

SO ORDERED.

Dated: Brooklyn, New York
September 8, 2009

ERIC N. VITALIANO
United States District Judge