FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 26 2010

P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHARLES SEALEY,

                            Petitioner,

      -against-

ROBERT ERCOLE, Superintendent, Green Haven
Correctional Facility,

                            Respondent.
-----------------------------------------------------------------x

MEMORANDUM AND ORDER

09-CV-778-ENV

VITALIANO, D.J.

    Petitioner Charles Sealey, proceeding *pro se*, filed a petition for a writ of *habeas corpus* on February 23, 2009. On June 16, 2009, the Court ordered Sealey to file a standard form petition to specify all of the grounds for relief from his conviction or sentence that he believed were available to him. Sealey timely filed a petition that asserted numerous grounds, including but not limited to ineffective assistance of trial and appellate counsel.[1] On December 23, 2009, Sealey moved to amend his petition to assert additional grounds arising from respondent's alleged failure to disclose "Calendar Minutes" at Sealey's *coram nobis* proceeding. On January 6, 2010, the Court denied Sealey's motion, explaining that the proposed amendments were futile, as they asserted infirmities in state post-conviction proceedings that are not cognizable on federal *habeas* review. Sealey now seeks reconsideration of that Order.

    Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must "set[ ] forth concisely the matters or controlling decisions which [it] believes the court has overlooked." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached

---

[1] The procedural history of Sealey's petition is fleshed out in greater detail in the Court's January 6, 2010 Order denying Sealey's motion for leave to amend the petition. (See Docket #15.)



by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (holding that local rule 6.3 "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court"). Whether or not to grant a motion to reconsider "is within the sound discretion of the district court," id., but it "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Sealey, apparently believing that the Court misinterpreted his initial motion to amend, seeks to do exactly that. Rather than point to any new controlling decisions or facts that the Court has overlooked, he alleges that the Court "indicated that the grounds advanced in Petitioner's writ of error *coram nobis* pose no federal constitutional claim, and thus, the Court decline [sic] to address the merits set forth in the amended petition, because Petitioner challenged the integrity of that proceeding was fatal [sic]." (Docket #16, at 1.) He requests that the "Court reverse its prior order and grant the amended petition in its entirety." (Id. at 7.)

Petitioner clearly does not understand the scope and meaning of the Court's decision. The Court has not yet reached the merits of the allegations set forth in his petition that he is entitled to *habeas* relief. To the extent that Sealey has timely asserted and exhausted claims of ineffective assistance of trial or appellate counsel, they will be considered on the merits by the Court following receipt of respondent's response to the Order to Show Cause and any reply papers from petitioner. However, since Sealey's proposed *additional* claims in his amended petition asserted only deficiencies in the state post-conviction proceedings themselves, they could not state a basis for *habeas* relief. To reiterate for the sake of clarity, petitioner should understand that the actual claims set forth in his July 31, 2009 petition have not yet been ruled upon by this Court.

The Court notes that language in Sealey's motion to reconsider confirms that it correctly interpreted his prior motion to amend. Sealey now asserts that, in the prior motion, he "questioned

2

the perimeter of the integrity of the writ of error *coram nobis* in light of the evidence presented by Respondent's opposition disclosing 'Calendar Minutes' for the first time", that respondent's failure to disclose "was a tactical maneuver to gain advantage and defeat meritorious claims raised in the collateral proceeding" and that "had said evidence been produced in response to Petitioner['s] writ of error *coram nobis*, the Appellate Division would have done something other than affirmed the conviction." (Id. at 2.) He also states that "based on Respondent's misrepresentation during the post-conviction proceeding[, counsel] ignored significant evidence which would support Petitioner's claim of ineffective assistance of trial and appellate counsel." (Id. at 6.) These statements can only be read to claim that respondent's allegedly unscrupulous behavior denied petitioner due process at his *coram nobis* proceeding.

The Court appreciates that Sealey, proceeding *pro se*, is concerned that respondent's "misrepresenting facts and law to gain an advantage should not be overlooked or procedurally set aside". (Id. at 5.) Petitioner is free, of course, to discuss the import of the "Calendar Minutes" in his reply papers to the extent that they are relevant to the grounds and claims that he set forth in his *habeas* petition. Amendment of that petition, however, remains futile.

Accordingly, the motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 25, 2010

ERIC N. VITALIANO
United States District Judge

3