Rec'd 3/31/14
KM

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 31 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHARLES SEALEY,

                          Plaintiff,

    -against-

ROBERT ERCOLE, Superintendent,

                        Respondent.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

09-cv-778 (ENV)

VITALIANO, D.J.,

*Pro se* petitioner Charles Sealey filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court denies Sealey's application and dismisses the petition.

## Background

On January 10, 2001 at around 5:00 p.m., Sealey, standing outside of his apartment building, fired seven shots in the general direction of Tommy Johnson and several of Johnson's friends. The Johnson group was standing approximately one block away from Sealey.[1] One of the bullets struck Johnson in the head, killing him. Petitioner was arrested and charged with two counts of second degree murder (intentional and depraved-indifference), second degree criminal possession of a weapon and third degree criminal possession of a weapon. Petitioner proceeded to

---

[1] Because Sealey was convicted, the Court recites the facts in the light most favorable to the verdict. *See Garbutt v. Conway*, 688 F.3d 79, 80 (2d Cir. 2012)

1

trial in Supreme Court, Queens County. Sealey was acquitted of the intentional murder charge but convicted of the remaining charges, including depraved indifference murder. On March 31, 2004, he was sentenced to a term of 25 years to life on the murder conviction and lesser sentences on the weapons possession convictions, all to run concurrently.

On May 1, 2006 petitioner's appellate counsel filed a direct appeal with the Appellate Division, Second Department, advancing two arguments: (1) the evidence was insufficient to convict him of depraved-indifference murder, and (2) his sentence was excessive in light of his age (19 years old) and expressions of remorse. While that appeal was pending, at petitioner's urging, appellate counsel also filed a supplemental brief arguing that the trial court's instruction to the jury regarding the *mens rea* necessary to establish depraved-indifference was wrong in light of a newly decided case, *People v. Feingold*, 7 N.Y.3d 288 (2006). On July 31, 2007, the Second Department affirmed petitioner's conviction, holding that his sufficiency of the evidence claim was unpreserved, and, in any event, that the evidence proved his guilt beyond a reasonable doubt. The court further concluded that petitioner received effective assistance of counsel, that his sentence was not excessive and that his claim regarding the jury instructions was unpreserved. The Court of Appeals denied petitioner's leave to appeal application on October 1, 2007.

Sealey would return to the Appellate Division seeking relief. On December 22, 2008, petitioner moved, *pro se*, for a writ of error *coram nobis*. Sealey argued that appellate counsel was ineffective for failing to advance two arguments: (1) that the trial court erred in conducting a "readback" to the jury outside of Sealey's

trial in Supreme Court, Queens County. Sealey was acquitted of the intentional murder charge but convicted of the remaining charges, including depraved indifference murder. On March 31, 2004, he was sentenced to a term of 25 years to life on the murder conviction and lesser sentences on the weapons possession convictions, all to run concurrently.

On May 1, 2006 petitioner's appellate counsel filed a direct appeal with the Appellate Division, Second Department, advancing two arguments: (1) the evidence was insufficient to convict him of depraved-indifference murder, and (2) his sentence was excessive in light of his age (19 years old) and expressions of remorse. While that appeal was pending, at petitioner's urging, appellate counsel also filed a supplemental brief arguing that the trial court's instruction to the jury regarding the *mens rea* necessary to establish depraved-indifference was wrong in light of a newly decided case, *People v. Feingold*, 7 N.Y.3d 288 (2006). On July 31, 2007, the Second Department affirmed petitioner's conviction, holding that his sufficiency of the evidence claim was unpreserved, and, in any event, that the evidence proved his guilt beyond a reasonable doubt. The court further concluded that petitioner received effective assistance of counsel, that his sentence was not excessive and that his claim regarding the jury instructions was unpreserved. The Court of Appeals denied petitioner's leave to appeal application on October 1, 2007.

Sealey would return to the Appellate Division seeking relief. On December 22, 2008, petitioner moved, *pro se*, for a writ of error *coram nobis*. Sealey argued that appellate counsel was ineffective for failing to advance two arguments: (1) that the trial court erred in conducting a "readback" to the jury outside of Sealey's

presence, and (2) that the trial court violated his constitutional right to counsel when it removed petitioner's first lawyer due to a conflict of interest. On April 7, 2009 the Appellate Division denied petitioner's motion, stating simply that Sealey "failed to establish that he was denied effective assistance of appellate counsel." (Apr. 7, 2009 Decision.) The Court of Appeals denied petitioner leave to appeal.

Sealey next moved in Queens Supreme Court to vacate the judgment of conviction pursuant to CPL § 440.10. In that proceeding, Sealey raised five claims: (1) the judge's disqualification of his first-choice attorney violated his right to counsel, (2) the trial court improperly conducted a readback of testimony to the jury outside of his presence, (3) his trial counsel was ineffective in failing to pursue a defense of justification, (4) his trial counsel was ineffective in not advising him to waive a jury trial, and (5) he was deprived of the right to a fair trial because he did not have notice of all the identities of all people he endangered when he killed Johnson. Upon a holding with respect to all five claims, that Sealey "failed to raise the issues on appeal, and is therefore barred from raising the issues in the instant" post-conviction collateral proceeding, this motion too was denied. (Aug. 21, 2009 Decision, at 2.) On December 2, 2009 leave to appeal that decision was denied by the Second Department.

Meanwhile, on February 23, 2009 petitioner filed his application for a writ of *habeas corpus* with the Court. On July 27, 2009, at the Court's request, petitioner submitted an amended petition that attempted to clarify which aspects of the various state court decisions he challenged. Sealey's amended petition, liberally construed, advances four claims: (1) his trial counsel was ineffective in failing to

3

investigate a potential justification defense, (2) the judge's disqualification of his first-choice trial counsel violated his constitutional right to counsel, (3) petitioner's alleged absence during a jury readback rendered his conviction invalid under the Due Process Clause, and (4) his appellate counsel was ineffective in failing to advance the other three arguments.

## Standard of Review

This petition is subject, it goes without saying, to AEDPA, which provides that a federal writ of habeas corpus may not be granted to a state prisoner held subject to the judgment of a state court unless "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000) (citation omitted). Clearly established federal law "'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *See Carey v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649, 653 (2006) (*quoting Williams*, 529 U.S. at 412, 120 S. Ct. at 1523). To be a "clearly established" principle of federal law under AEDPA, the point of law claimed to be controlling on the habeas application must be "law that is 'dictated by [Supreme Court] precedent existing at the time the defendant's conviction became final.'" *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (citation omitted). A state court's "unreasonable application" of such law must have been more than "incorrect or erroneous"; it must have been "objectively unreasonable." *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)

4

(internal quotation omitted). This is a highly deferential standard, as § 2254(d) "demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005). "If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 2013 WL 5904117, at *4 (2013) (internal citations omitted). Federal courts should not "lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas review is the remedy." *Id.*

Finally, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

I. <u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-part inquiry set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. But, there is, of course, "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that 'there are countless ways to provide effective assistance in any given case' and that 'even the best criminal defense attorneys would not defend a particular client in the same

5

way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (*quoting Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). Second, a petitioner must "affirmatively prove prejudice," demonstrating that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693-94, 104 S. Ct. at 2067-68).

Petitioner claims that his trial counsel was constitutionally ineffective in failing to pursue a defense of justification. Sealey first advanced this argument in his 440.10 proceeding. The state court, on an independent state law basis, concluded that he had procedurally defaulted this claim because he could have brought it on direct appeal but did not. "When a petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Rush v. Lempke*, 500 Fed. Appx. 12, 15 (2d Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). As a consequence, because the state courts found that Sealey's claim was defaulted, the Court may only review that claim if he shows cause and prejudice, or a fundamental miscarriage of justice. Neither Sealey's petition, coupled with his papers here, nor the record below even hint at, much less demonstrate, an exception to the ordinary bar.

Considering this contention more broadly, leaving aside the fact that Sealey has provided no explanation for failing to bring this claim on direct appeal, it is clear that he suffered no prejudice as a result of counsel's decision not to pursue a

6

justification defense. First, it is undisputed both that petitioner's claim at trial was that he never intentionally shot at the victim and that no evidence was recovered from the crime scene indicating that the victim or any of his cohorts were armed at the time of the shooting. Indeed, petitioner's claim at trial and on appeal was that he was shooting randomly into the air and that it was simply an unfortunate accident that one of those bullets struck Johnson. Under these circumstances, it would have been bizarre for Sealey's trial counsel to advance a justification defense. Dispositively, in any event, counsel's decision not to do so did not render his representation constitutionally infirm. The short of it is, as the record makes crystal clear, this claim advanced by Sealey is not only procedurally defaulted, it is wholly meritless as well.

## II. Removal of Petitioner's Preferred Counsel

Sealey next contends that the trial court violated his constitutional right to counsel under the Sixth Amendment when it removed his counsel of choice due to a conflict. Sealey first raised this argument in his 440.10 proceeding. In disposing of it, the state court concluded that the claim was procedurally defaulted because petitioner failed to raise the issue on direct appeal. Plainly, that conclusion rested on an independent and adequate state law ground, which, as noted earlier, precludes federal habeas review of it, absent a showing of good cause and prejudice, or a fundamental miscarriage of justice. *Rush* at 15. No such demonstration is offered, nor is one shown by the record. Indeed, Sealey offers no explanation for why he waited until after he exhausted his direct appeal to assert this claim, much less make a showing of an exceptional reason to depart from the controlling rule.

The record shows, in fact, that the People moved to disqualify Sealey's initial trial counsel, Scott Brettschneider, on the basis that he also represented a witness who was going to be called to testify adversely to petitioner. In response, Mr. Brettschneider voluntarily withdrew as counsel, as was his right (and perhaps obligation) to do. Approving Brettschneider's request to withdraw, the court appointed a replacement. At no time did the judge demand that Brettschnieder withdraw as Sealey's counsel, nor did the court even hold a hearing on the matter. Clearly, counsel's voluntary withdrawal based on an existing conflict, even though the court approved, is not equivalent to the court disqualifying counsel, as petitioner claims occurred. This defaulted claim is, additionally, baseless as a matter of fact and law.

### III. Sealey's Absence During the Readback

Petitioner contends that the trial court violated his constitutional right to Due Process when it permitted a readback of testimony to the jury outside of his presence. In making this claim, he acknowledges that his absence was for a brief period. However, Sealey offers nothing from the trial record—and the Court has located nothing—that supports his allegation that the trial court ever conducted any portion of the proceedings before the jury while Sealey was absent from the courtroom. To the contrary, the record strongly suggests that Sealey was present the entire time. In any event, Sealey, in keeping with the pattern, first presented this same claim in his 440.10 proceeding. Equally in keeping with the pattern, the state court ruled that it was procedurally defaulted because he failed to raise it on his direct appeal. Consequently, given the absence of record support for petitioner's

bald assertion and failure to preserve his state court appellate rights to assert it, the claim cannot support habeas relief. *Rush* at 15.

IV. Ineffective Assistance of Appellate Counsel

Sealey's final contention is that his appellate counsel was ineffective for failing to raise the three arguments discussed above, which the Court has found to be substantially baseless. The Appellate Division considered this argument and rejected it on the merits. The Court reviews that determination under AEDPA's highly deferential standard. The result is prefigured by the baselessness of the underlying contentions.

In the first place, appellate counsel does not have a duty to raise every colorable claim on appeal. *Dupont v. Phillips*, 2012 U.S. Dist. LEXIS 88511, at *54 (E.D.N.Y. 2012) ("[A] criminal defendant has no constitutional right to make appellate counsel raise every nonfrivolous issue requested by a client.") Certainly, appellate counsel is entitled to exercise discretion in determining which arguments would afford petitioner with the best opportunity to achieve a favorable result on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Further, "[d]ue to the difficulties inherent in an analysis that requires adopting counsel's perspective and then rendering an after-the-fact assessment of performance, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Holmes v. Bartlett*, 810 F. Supp. 550, 561 (S.D.N.Y. 1993).

Here, appellate counsel's performance was clearly adequate. Again, none of the three arguments that Sealey claims his appellate counsel should have pursued have any merit. Rather than pursue those essentially frivolous claims, counsel

9

focused on two other far more potentially fruitful arguments: (1) the prosecution did not meet its burden of proof on the depraved-indifference charge, and (2) petitioner's sentence was excessive (New York's intermediate appellate court has the power to reduce a sentence it deems excessive though entered on an otherwise valid convictions). *People v. Scaduto*, 89 A.D.2d 591 (2d Dep't 1982). In addition, during the pendency of Sealey's appeal, appellate counsel submitted a supplemental brief arguing that under a newly decided case, *People v. Feingold, supra*, the prosecution had failed to prove the *mens rea* required for depraved indifference. Counsel's decision to raise these arguments rather than the arguments that Sealey now asserts counsel should have raised was undeniably reasonable. Without question, the conclusion of the state courts that appellate counsel was not ineffective cannot be set aside by this Court under AEDPA's highly deferential standard of review. There is nothing in petitioner's pleadings, nor in the record itself, suggesting that Sealey has or can present factual or legal arguments that could support a contrary result. This claim, like the others, cannot support federal habeas relief.

## Conclusion

For the foregoing reasons, Sealey's petition for a writ of habeas corpus is dismissed and issuance of the writ is denied.

Since Sealey has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is

denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated:    Brooklyn, New York
             March 14, 2014

/S/ Judge Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge